UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-321 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Guillermo Mena, | |
| Defendant. | |

---

This matter comes before the Court on the Government's Unopposed Motion for an Extension of Time Regarding Pretrial Disclosure and Motions Dates, ECF No. 22. The Government requests an extension of the deadlines set forth in the Court's Arraignment Order, ECF No. 20. The Government states, "due to internal issues and miscommunication," the Government did not provide disclosures to Defendant Guillermo Mena by the May 13, 2024 deadline. ECF No. 22 at 2; *see* ECF No. 20 at 1. "Upon realizing this circumstance[,] the parties conferred and agreed to seek an extension of deadlines from the Court." ECF No. 22 at 2. At the same time, "defense counsel's e-mail communications . . . suffered technological issues, limiting the [G]overnment's ability to readily provide disclosures." ECF No. 22 at 2. With "[t]he culmination of these events," the Government was ultimately able to provide disclosures on May 31, 2024. ECF No. 22 at 2. The Government requests that the dates in the Arraignment Order be continued by 18 days as a result. Defendant is in agreement with the Government's request.

1

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide the parties and their respective counsel the time necessary for effective preparation and to make efficient use of the parties' resources. The Court further finds that such continuance is not due to a lack of diligent preparation.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Unopposed Motion for an Extension of Time Regarding Pretrial Disclosure and Motions Dates, ECF No. 22, is **GRANTED**.

2. The period of time from **the date of this Order through June 17, 2024**, shall be excluded from Speedy Trial Act computations in this case.

3. The Government shall make all disclosures required by Federal Rule of Criminal Procedure 16(a) by **May 31, 2024**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the government is requested to make, by **May 31, 2024**, all disclosures which will be required by Fed. R. Crim. P. 26.2 and 12(h).

4. Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the Government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Failure to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt

proceedings, disciplinary action, or sanctions by the Court.

5. Defendant shall make all disclosures required by Federal Rule of Criminal Procedure 16(b) by **June 7, 2024**.  D. Minn. LR 12.1(a)(2).

6. The parties must disclose the identity of any expert witness and make all expert disclosures required by Federal Rule of Criminal Procedure 16 no later than 28 days before trial. The parties must disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Federal Rule of Criminal Procedure 16 no later than 14 days before trial.

7. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **June 17, 2024.**  D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Tony N. Leung.

8. **Counsel shall electronically file a letter on or before June 17, 2024, if no motions will be filed and there is no need for a hearing.**

9. All responses to motions shall be filed by **July 1, 2024**.  D. Minn. LR 12.1(c)(2).

10. Any Notice of Intent to Call Witnesses shall be filed by **July 1, 2024**.  D. Minn. LR 12.1(c)(3)(A).

11. Any Responsive Notice of Intent to Call Witnesses shall be filed by **July 8, 2024**.  D. Minn. LR 12.1(c)(3)(B).

12. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

      a.      The Government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

      b.      Oral argument is requested by either party in its motion, objection or response pleadings.

13.    If required and subject to further order of the Court, the motions hearing shall be heard before Magistrate Judge Tony N. Leung on **July 17, 2024, at 9:30 a.m.**, in **Courtroom 9W**, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, **MINNEAPOLIS**, Minnesota 55415.  D. Minn. LR 12.1(d).

14.    **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Eric C. Tostrud to confirm the new trial date.**

Dated: June  3 , 2024                          *s/ Tony N. Leung*
                                                                   Tony N. Leung
                                                                   United States Magistrate Judge
                                                                   District of Minnesota

                                                                   *United States v. Mena*
                                                                   Case No. 23-cr-321 (ECT/TNL)